41 C.C.P.A. (Patents)
### CUSANO v. DECEPOLI.
### Patent Appeal No. 6059.

United States Court of Customs and Patent Appeals.
June 24, 1954.

Melville E. Jones, Washington, D. C., and Luther W. Hawley, New York City, for appellant.

Chester Mueller, Newark, N. J., for appellee.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Patent Interferences of the United States Patent Office awarding priority of invention of the subject matter defined by the single count in issue to appellee, Carmine Decepoli.

The interference is between appellee's application, Serial No. 121,173, filed October 13, 1949, and appellant's application, Serial No. 156,914, filed April 19, 1950. Thus appellant is the junior party and he has the burden of proof by a preponderance of the evidence. Barnet v. Wied, 195 F.2d 311, 39 C.C. P.A., Patents, 882, and cases therein cited. Neither party took testimony. Both parties filed preliminary statements; however, appellant did not allege any date of inventive acts prior to appellee's filing date and, accordingly, was placed under order to show cause as to why judgment should not be rendered against him. In response appellant moved to dissolve on the ground that the count in interference does not read on appellee's disclosure. That motion was denied by the examiner. Appellant then requested a final hearing before the board, which was held, and the board affirmed the holding of the examiner and awarded priority to appellee. Both parties filed briefs and argued at final hearing.

The invention relates to a device which is aptly described by the count which was taken from appellant's application and which reads as follows:

"A shuffleboard weight comprising a body portion of steel and a head portion of plastic material secured to and extending above the top of the body portion and terminating at its marginal edge inwardly of and in proximity to the marginal edge of the body."

The issue presented to us concerns the proper interpretation of the phrase "in proximity to" as used in the count in interference.

The word "proximity" was not used either in appellant's application as filed or in his specification. In the specification there is no limitation upon the distance between the plastic head and the marginal edge of the body of the weight. The specification shows that the color identifying plastic top or head of appellant's shuffleboard weight projects above the body portion and is set back from the outer edge of the body so that it will not be engaged by another weight; that "the periphery of the head does not extend to the outer top edge of the body portion," and, that "the head is protected from engagement by the walls of other sliding weights since the body portion bulges at its periphery beyond the periphery of the head" and that "the head periphery does not extend to the top outer edge of the body portion."

The description "terminating at its marginal edge inwardly of and in proximity to the marginal edge of the body" was inserted in the claim, which has become the count in this interference, by amendment after the claim as originally submitted has been rejected on the prior art. Appellant's claim as originally submitted read "the periphery of the plastic cap portion being set back from the periphery of the upper edge of the body portion."

Appellant contends that appellee's disclosure does not satisfy the "in proximity" provision of the count. Both parties' disclosure shows that the plastic head is colored which serves as an identifying means to the players. Both parties make provision for protecting the plastic head of the weight from damage when the weights come in contact with each other by making the plastic head smaller in diameter than the steel body of the weight but there is a difference in the over-all construction of the weights. Appellant shows the head of his weight to be only slightly smaller in diameter than the body while appellee shows the head of his weight to be considerably less in diameter than the body.

Because of this difference in the construction of the weights, appellant contends that the count in issue does not read on appellee's invention. Therefore, the decision in this case depends upon whether or not the plastic head of appellee's weight is "in proximity to the marginal edge of the body" thereof.

Webster's New International Dictionary, 2nd Edition, Unabridged, defines "proximity" as follows:

"Quality or state of being next or very near in time, place, causation, influence, relationship, etc.; immediate or close propinquity."

and further:

"Proximity denotes simple nearness, and is used with reference to either persons or things; * *."

We do not consider the term "in proximity" as being ambiguous.

Counts should be given the broadest interpretation of which they are capable, and when not ambiguous they are not interpreted in the light of the application in which they originated. Lynes v. Lehnhard, 150 F.2d 426, 32 C.C.P.A., Patents, 1196. It appears evident that the broad definition of "proximity" qualifies appellee's shuffleboard weight as supporting the count in issue.

Both parties' showings are diagrammatic and capable of variation and both reserve that right in the final paragraph of their specifications. We note that in neither appellant's original claims nor in his specifications did he use the word "proximity." The only expressed con-

cern of appellant was that the periphery of the cap or head of the weight should not extend to the top outer edge of the body portion. Appellee expressed the same concern regarding his weight.

From the above set out definition of "proximity" we think that two objects next or very near in place or relationship are in proximity and that the plastic head of appellee's weight is "in proximity to the marginal edge of the body."

We have given careful consideration to the arguments set forth in appellant's briefs and the authorities therein cited but it is unnecessary to further discuss them in view of our opinion above expressed.

The decision of the Board of Patent Interferences is affirmed.

Affirmed.

WORLEY, Judge, concurs in the conclusion.

JACKSON, Judge, retired, sat for GARRETT, Chief Judge.